IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,177-03






EX PARTE ROGER LERMA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 98-202B IN THE 274TH JUDICIAL DISTRICT COURT


FROM CALDWELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
murder and two counts of aggravated assault and sentenced to twenty-five years' imprisonment for
the murder count and twenty years' imprisonment for each of the aggravated assault counts. The
Third Court of Appeals affirmed his conviction. Lerma v. State, No. 03-99-00827-CR (Tex. App.
- Austin, December 3, 1999, no pet.).

 Applicant contends, inter alia that his trial counsel rendered ineffective assistance because
counsel failed to challenge two venire members who indicated that they could not be impartial, failed
to investigate or interview witnesses, failed to impeach witnesses with contradictory statements made
at a different trial, failed to present evidence regarding the date upon which Applicant purchased the
vehicle he was said to be driving on the night of the offense, failed to object when the prosecutor
misstated evidence during closing arguments, and failed to point out inconsistencies in the State's
witness testimony during closing arguments. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred and twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: March 9, 2011

Do not publish